IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL SHAWN O'SHIELDS,

    Petitioner,

vs.                          CIVIL ACTION
                               No. 11-3107-SAC

DOUGLES WADDINGTON, et al.,

    Respondents.

**MEMORANDUM AND ORDER**

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se, and the court grants leave to proceed in forma pauperis.

Because petitioner appears pro se, the court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**Background**

In 2006, petitioner was convicted in Montgomery County, Kansas, pursuant to a plea of no contest, of one count of attempted rape and two counts of attempted aggravated sexual battery.

In August 2007, petitioner filed a motion for post-conviction relief pursuant to K.S.A. 60-1507. The motion was

denied in April 2008. The Kansas Court of Appeals affirmed the decision in May 2010, and the Kansas Supreme Court denied review. *O'Shields v. State*, 231 P.3d 587 (Table), (Kan. App. 2010), *rev. denied*, April 11, 2011.

Petitioner commenced this action pursuant to § 2254 on June 1, 2011. He presents two claims for relief. First, he asserts due process violations, stating his first appearance was held 30 days after his arrest, the preliminary hearing was held 4 months after the arrest, he was bound over for trial on inconclusive polygraphs, his first arraignment was 5 months after the arrest, and he did not have a defense attorney for the period from November 3, 2005, to December 30, 2005. He concedes these claims were not presented in the state courts, but states his appellate attorney refused to raise them.

Second, petitioner claims he was subjected to cruel and unusual treatment in October 2005 when he suffered a beating in the Montgomery County Jail.

## Discussion

An applicant for federal habeas corpus relief must first exhaust the claims by presenting each claim to the state courts. "Fair presentation of a prisoner's claim to the state courts means that the substance of the claim must be raised there." *Patton v. Mullin,* 425 F.3d 788, 809 n. 7 (10th Cir. 2005).

Petitioner acknowledges that the claims in Ground One were not exhausted and now are defaulted. He may present defaulted claims now only if he establishes cause and prejudice for the procedural default. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

The ineffective assistance of appellate counsel may establish cause for a state procedural default where counsel's performance is constitutionally inadequate. *See Strickland v. Washington,* 466 U.S. 668 (1984)(setting standard for evaluating ineffective assistance of counsel). Such a showing is difficult to demonstrate "because counsel 'need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.'" *Cargle v. Mullin,* 317 F.3d 1196, 1202 (10th Cir. 2003)(*citing Smith v. Robbins,* 528 U.S. 259, 285 (2000)).

Finally, before ineffective assistance of counsel may be considered to excuse a procedural default, the claim of ineffective assistance of counsel claim must have been presented to the state court as an independent claim. *Murray v. Carrier*, 477 U.S. 478, 489 (1986).

Having considered the record, the court finds no basis to allow these claims to proceed. First, there has been no exhaustion, nor has there been any finding that petitioner

3

received ineffective assistance from his appellate counsel.

Next, under state law, by pleading no contest to the charges, petitioner waived all irregularities in the criminal proceedings prior to the entry of his plea. *See* K.S.A. 22-3208(4); *State v. Gee*, 193 P.3d 529, *2 (Table)(Kan. App. 2008)("By pleading no contest to the charge...[defendant] waived all defects or irregularities in the proceedings prior to his plea....").

The court therefore will dismiss petitioner's claims of due process violations that allegedly occurred prior to the entry of his no contest plea.

Petitioner's second claim asserts a claim arising from a use of force during his incarceration. Such a claim, however, is not a proper claim in an action for habeas corpus relief. *See McIntosh v. United States Parole Commission,* 115 F.3d 809, 812 (10th Cir. 1997)(A habeas corpus petition attacks the legality or length of a prisoner's confinement and seeks immediate release or reduced confinement; in contrast, a civil rights action challenges conditions of the prisoner's confinement).

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED the petition for habeas corpus is

denied.  Petitioner's claim alleging defects in the criminal proceedings prior to the entry of his plea were waived by that plea.  Petitioner's claim arising from a use of force is not cognizable in habeas corpus.

IT IS FURTHER ORDERED petitioner's motion for the appointment of counsel (Doc. 3) is denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 22nd day of June, 2011.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge